UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

**FILED**
SEP 29 2004
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

SANDRA JOYCE PALMER, )
FAMILY TRUST, )
 )
Plaintiffs, )
 )
v. ) CIVIL ACTION NO. CV-04-PT-1330-E
 )
PHYLLIS S. PALMER, et al., )
 )
Defendants. )

**ENTERED**
SEP 30 2004

## MEMORANDUM OPINION

This cause comes on to be heard upon Defendant Phyllis S. Palmer's Motion to Dismiss, filed on July 26, 2004.

### FACTS AND PROCEDURAL HISTORY[1]

Susan Renee Palmer ("Renee Palmer"), in her capacity as trustee, filed the present action on behalf of the Sandra Joyce Palmer Family Trust ("the Trust") on July 25, 2004, naming the following as defendants: (1) Phyllis S. Palmer, individually and as personal representative of the Estate of Edwin K. Palmer, Jr.; (2) First Federal of the South a/k/a SouthFirst Bancshares, Inc.; (3) First Alabama Bank, n/k/a Regions Bank; (4) Patricia M. Thomas; and (5) all other persons unknown found on the real property described in the Complaint. Plaintiff filed an Amended Complaint on August 4, 2004.[2]

---

[1] The facts are given as they were alleged in the Amended Complaint.

[2] In the Amended Complaint, First Alabama Bank, n/k/a Regions Bank, was not named as a defendant. In both the Original and Amended Complaints, plaintiff alleges that the amount in controversy exceeds $75,000.00 exclusive of interest and costs. (Cmpt ¶ 11; Amd Cmpt ¶ 10).

According to the Amended Complaint, Sandra Joyce Palmer created the Trust to ensure the health and support of her husband of twenty-eight (28) years, Edwin K. Palmer, Jr. ("Edwin Palmer"), for his life. Upon his death, the trust property was to be distributed to Sandra Palmer's only child, Renee Palmer, if she were then living. (Amd Cmpt). Plaintiff alleges that since Edwin Palmer's death, his new wife of two (2) years, Defendant Phyllis S. Palmer ("Phyllis Palmer"), refuses to relinquish possession of the Trust property to plaintiff. (*Id.*)

The Amended Complaint asserts that the Trust was created under Alabama law upon the death of Sandra Palmer and that the Trust is the owner in fee simple of real estate located in Talladega County, Alabama, as well as other assets. (Amd Cmpt ¶ 2). Renee Palmer, a resident of Georgia, is the trustee of the Trust. (Amd Cmpt ¶ 3). Defendant Phyllis Palmer is a resident of Cobb County, Georgia and is the representative of the Estate of Edwin Palmer. (Amd Cmpt ¶¶ 4, 5). Edwin Palmer was a resident of Talladega County, Alabama at the time of his death. (Amd Cmpt ¶ 5). Defendant First Federal of the South ("First Federal"), a/k/a SouthFirst Bancshares, Inc., is a Delaware corporation whose President and CEO is located in Sylacauga, Alabama. (Amd Cmpt ¶ 6). Defendant First Alabama Bank, n/k/a Regions Bank, ("Regions Bank") is an Alabama corporation with its principal address in Birmingham, Alabama. (Cmpt ¶ 7).[3] Defendant Patricia M. Thomas ("Patricia Thomas") is a resident of Georgia. (Amd Cmpt ¶ 7).

The Amended Complaint states that the Trust is a spendthrift trust, under which the interest of the life beneficiaries are inalienable. (Amd Cmpt ¶ 11). Additionally, the Trust

---

[3] This fact is taken from the Original Complaint. Plaintiff's Amended Complaint dropped Regions Bank as a defendant.

cannot be terminated even if all the beneficiaries are sui juris and desire to terminate it. (*Id.*) The beneficiaries of the Trust are Renee Palmer and Suzanne Barnes. (Amd Cmpt ¶ 12). The contingent beneficiaries of the Trust are Suzanne Barnes, Violet Marie Beatty and Lakeside Baptist Church. (*Id.*) Plaintiff believes that Edwin Palmer was in possession of trust assets as the trustee at the time of his death. (Amd Cmpt ¶ 13). However, no trust assets have been delivered to the Trust from the Estate of Edwin Palmer by Phyllis Palmer or any other person. (Amd Cmpt ¶ 14).

In the Amended Complaint plaintiff asserted the following counts: (1) Count I – Action for ejectment against Phyllis S. Palmer and the Estate of Edwin K. Palmer, Jr., and all others found thereon;[4] (2) Count II – Mesne damages against Phyllis S. Palmer and the Estate of Edwin K. Palmer, Jr.;[5] (3) Count III – Breach of fiduciary duty against the Estate of Edwin K. Palmer,

---

[4] Count I alleges *inter alia* that on or about January 25, 2000, the Trust obtained legal title to Lots 33 and 34 in the Country Club Estates Subdivision, Lakeside Section, in Talladega County. (Amd Cmpt ¶ 16). On or about May 8, 2002, Edwin Palmer, acting as trustee of the Trust, attempted to convey title to these lots to himself and his new wife, Phyllis Palmer, without consideration and in violation of the spendthrift clause in the Trust. (Amd Cmpt ¶¶ 18, 20, 21). Upon the death of Edwin Palmer, this real property should have been surrendered to the Trust. (Amd Cmpt ¶ 30). However, Phyllis Palmer, individually and in her capacity as the personal representative of the Estate of Edwin Palmer, has "unlawfully withheld and detained the Real Property from the Trust causing damage to the Trust." (Amd Cmpt ¶¶ 31-33).

[5] Count II alleges:

> The Trust has suffered damages to the Real Property, including but not limited to mesne profits, waste and injury to the Real Property due to the actions of Defendants (*sic*) Phyllis Palmer, individually and in her capacity as personal representative of the Estate of Edwin Palmer . . .

(Amd Cmpt ¶¶ 35-36).

Jr.;[6] (4) Count IV – Action to void and cancel deeds;[7] (5) Count V – Action for award of rental value against Phyllis S. Palmer;[8] (6) Count VI – Action to cancel mortgages;[9] (7) Count VII – Quiet title;[10] (8) Count VIII – Fraud against the Estate of Edwin [K.] Palmer, Jr. and Phyllis S. Palmer;[11] (9) Count IX – Unlawful interference with property against defendant Phyllis S.

---

[6] Count III alleges *inter alia* that Edwin Palmer, as trustee of the Trust during his lifetime,

> violated his fiduciary duties to the Trust by attempting to terminate the Trust, attempting to convey the Trust's Real Property, placing mortgages on the Real Property for reasons other than his health and support, committing fraud against the Trust beneficiaries, and conveying other assets of the Trust to third parties, including, but not limited to Phyllis Palmer.

(Amd Cmpt ¶ 40).

[7] Count IV alleges *inter alia* that the deeds executed by Edwin Palmer on May 8, 2002, conveying the lots to himself and Phyllis Palmer were and are invalid, void or voidable. (Amd Cmpt ¶ 47). Additionally, this count asserts that on or about May 26, 2004, Phyllis Palmer attempted to sell the lots to Richard H. and Janice Adams. (Amd Cmpt ¶ 49).

[8] Through Count V plaintiff seeks to recover the rental value of the lots from Phyllis Palmer for her enjoyment and use of the property beginning October 16, 2003. (Amd Cmpt ¶¶ 56-59).

[9] Count VI asks for the cancellation of mortgages on Lot 33 allegedly improperly given in favor of defendants First Federal and Patricia Thomas by Phyllis and Edwin Palmer. (Amd Cmpt ¶¶ 60-72).

[10] Count VII states *inter alia*, "[t]he Trust is seeking to quiet title against the claims of all the Defendants, who claim some right, title, lien, estate or interest in the Real Property . . ." (Amd Cmpt ¶ 76).

[11] Count VIII alleges in part that Edwin and Phyllis Palmer convinced Renee Palmer to execute the "Sandra Joyce Palmer Family Trust Dissolution Agreement" through fraudulent misrepresentations and omissions and that these acts caused damage to the Trust. (Amd Cmpt ¶¶ 80-88).

Palmer;[12] (10) Count X – Tortious interference with a contract against defendant Phyllis S. Palmer;[13] (11) Count XI – Tortious interference with inheritance against Phyllis S. Palmer;[14] (12) Count XII – Constructive trust;[15] and (13) Count XIII – Resulting trust.[16] Contemporaneous with the filing of the Amended Complaint, plaintiff voluntarily dismissed defendant Regions Bank. Subsequently, on August 10, 2004 plaintiff also voluntarily dismissed defendant Patricia

---

[12] Count IX alleges that Phyllis Palmer has caused damage to the Trust by unlawfully depriving or interfering with the Trust's possession of its personalty. (Amd Cmpt ¶¶ 89-92).

[13] Count X alleges *inter alia* that Phyllis Palmer caused damage to the trust by her "[wrongful and unprivileged interference] with the contract between the Estate of Sandra Palmer and the beneficiaries of the Trust." (Amd Cmpt ¶¶ 93-97).

[14] Count XI states *inter alia*, "Defendant Phyllis Palmer by fraud, duress or other tortious means intentionally prevented the beneficiaries and contingent beneficiaries from receiving from Edwin Palmer or the Trust their inheritance or gift that they would otherwise have received." (Amd Cmpt ¶ 99).

[15] Count XII asserts in part:

> Defendant Phyllis Palmer has obtained legal title to real and personal property of the Trust through actual fraud, misrepresentation, concealments, and/or through undue influence, duress, and by taking advantage of the Trust's beneficiaries' weaknesses and/or necessities which render it unconscionable for her to retain and enjoy the beneficial interest of the Trust Property. Defendant Phyllis Palmer has abused a confidential relationship with the Trust.

(Amd Cmpt ¶¶ 102-03).

[16] Count XIII states:

> Upon information and belief, Defendant Phyllis Palmer has used the funds of the Trust to purchase real property and personal property. Defendant Phyllis Palmer has taken title in herself unlawfully. The Trust prays that the Court find that the Trust is the rightful holder of any real property deeds held by Defendant Phyllis Palmer obtained with Trust proceeds. The Trust prays that the Court order Defendant Phyllis Palmer to return all personal property and the proceeds thereof to the Trust instanter and deem title to be held by the Trust.

(Amd Cmpt ¶¶ 106-09).

Thomas. Additionally, on August 27, 2004, plaintiff and defendant First Federal filed a joint stipulation dismissing First Federal from the suit.

### RULE 12(b)1 STANDARD

A defendant may file a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. A defendant may attack subject matter jurisdiction in two ways: facially and factually. *See Scarfo v. Ginsburg*, 175 F.3d 957, 960 (11th Cir. 1999). Under a facial attack, the court merely looks to see if the "plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 960 (citations omitted). In contrast, factual attacks "challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Id.* (citations omitted). The court is free to weigh the evidence, and "'no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Id.* at 960-61 (citations omitted). The burden is placed on the plaintiff to prove that jurisdiction exists in the face of a factual challenge to subject matter jurisdiction. *See OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

### ARGUMENTS

I. **Defendant Phyllis Palmer's Motion to Dismiss.**

    A. **There Is No Diversity In This Matter.**

The Original and Amended Complaints state that the "Sandra Joyce Palmer Family Trust" sues "by and through Susan Renee Palmer ('Renee Palmer'), in her capacity as trustee." Defendant

Phyllis Palmer asserts that Renee Palmer is the real party in interest pursuant to Federal Rule of Civil Procedure 17(a).[17] As such, Phyllis Palmer maintains that there are two plaintiffs in this action, the Trust (an Alabama entity) and Renee Palmer (a Georgia resident). In paragraph 1 of the Complaint (and the Amended Complaint), the plaintiff alleges that this court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 which is the statute for diversity jurisdiction. It is defendant Palmer's position that complete diversity is lacking in this action and, therefore, it should be dismissed.

Phyllis Palmer points out that the requirement of complete diversity was articulated as early as 1806 in *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). More recently, the United States Supreme Court stated that "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Thus, defendant Palmer argues, all of the plaintiffs must be from different states than all of the defendants. Additionally, the Supreme Court recently held,

> A case falls within the federal district court's "original" diversity "jurisdiction" only

---

[17] Federal Rule of Civil Procedure 17(a) states:

> Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

> if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State.

*Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 388 (1998). The Court further noted,

> The presence of a nondiverse party automatically destroys such jurisdiction: No party need assert the defect. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own.

*Id.* at 382.

According to Phyllis Palmer, this action does not satisfy the complete diversity requirement because the plaintiffs and the defendants are from both Georgia and Alabama and, therefore, the Court should dismiss the action.

**B.      Even If This Court Had Diversity Jurisdiction, The "Probate Exception" Bars This Court From Considering This Case.**

Even if there is diversity jurisdiction, Phyllis Palmer argues that the action must still be dismissed because it falls within the "probate exception" to the court's diversity jurisdiction.

In *Markham v. Allen*, the Supreme Court stated that "a federal court has no jurisdiction to probate a will or administer an estate . . ." 326 U.S. 490, 494 (1946). This was corroborated by the Eleventh Circuit which stated:

> federal courts generally do not have diversity jurisdiction over matters affecting state probate proceedings, other than to establish claims and to determine the rights of those asserting an interest in the estate.

*Michigan Tech Fund v. Century Nat. Bank of Broward*, 680 F.2d 736, 739 (11th Cir. 1982). Phyllis Palmer argues that this court should not consider "any property currently under control of the state probate court." *Id.* at 741.

According to Phyllis Palmer, this matter is currently in Probate Court in Alabama and Letters Testamentary were granted by the Talladega County Probate Court on June 9, 2004. She points out

8

that this lawsuit was filed on June 25, 2004. Phyllis Palmer also claims that the Probate Court is currently determining issues concerning the property that the plaintiff is now requesting that this court address. Indeed, Phyllis Palmer asserts, plaintiff has requested that this court control property that is currently under the control of the Probate Court. Therefore, she argues this suit should be dismissed under the "probate exception."

## II.     Plaintiff's Response to Motion to Dismiss.

### A.     There Is Diversity Jurisdiction In This Matter.

Plaintiff maintains that there is diversity jurisdiction in this matter. According to plaintiff, the only parties to be considered in determining diversity are the Trust and defendant Phyllis Palmer, individually and as the representative of the Estate of Edwin Palmer. Plaintiff asserts that the citizenship of the other defendants named in the Complaint and Amended Complaint should not be considered in determining subject matter jurisdiction for the following reasons.

According to plaintiff, on or about July 23, 2004, it entered into an agreement with Defendant Patricia Thomas that she would release her lien against the Talladega County real property at issue in this case and, thereafter, she would be dismissed without prejudice by plaintiff. On or about August 10, 2004, after receiving a stamped, filed copy of the release of lien of defendant Thomas, plaintiff dismissed her without prejudice. This court entered a Dismissal Order regarding Thomas on August 16, 2004.

Additionally on August 4, 2004, plaintiff filed a dismissal without prejudice of defendant Regions Bank after discovering that it was not a necessary party to this action. This court entered a Dismissal Order regarding Regions Bank on August 12, 2004.

Plaintiff maintains that on or about August 16, 2004, the Trust received an affidavit from

defendant First Federal setting forth that it is an Alabama corporation. According to plaintiff, on or about August 18, 2004, the Trust, for the first time since making an initial request for information in June 2004, received documents from defendant Phyllis Palmer.[18] Plaintiff asserts that those documents and the representations of counsel for defendant Palmer establish that the loan of First Federal was used to refinance the original loan on the trust property. Therefore, plaintiff concludes, First Federal's mortgage on the property at issue is not subject to cancellation by the Trust. Accordingly, plaintiff claims that an agreement has been reached between the Trust and First Federal to dismiss First Federal without prejudice. As evidence of this agreement, plaintiff has submitted a copy of a letter, dated August 24, 2004, sent from the Trust's counsel to First Federal's counsel confirming the agreement to voluntarily dismiss First Federal without prejudice. This court issued an Order dismissing First Federal on September 1, 2004.

As to the persons living on the real property at issue in Talladega County, plaintiff asserts that to its knowledge there are no persons living on the property and, therefore, any motion regarding those fictitious persons is not ripe.

With the release of the above mentioned defendants, plaintiff asserts that diversity jurisdiction is present in this action. Plaintiff states that defendant Palmer is a resident of the state of Georgia, having purchased a home at 1527 Haven Crest Drive, Powder Springs, Georgia.[19] Plaintiff further points out that defendant Palmer was served with process via certified mail at this

---

[18] In her Reply to Plaintiff's Response to Motion to Dismiss, defendant Phyllis Palmer asserts that "the Plaintiff is incorrect in stating that it made 'an initial request for information in June 2004.' Indeed, the first request for documents was August 2, 2004."

[19] The Trust has submitted a copy of the deed to this property, which is found in Deed Book 13947 Page 4586 of the Superior Court of Cobb County, Georgia.

10

address, both individually and as the personal representative of the Estate of Edwin Palmer.

As to Phyllis Palmer individually, plaintiff asserts that she resides and is domiciled in Georgia and, therefore, is a citizen of Georgia. According to plaintiff, the Estate of Edwin Palmer is not a named defendant in this suit and, therefore, should not be considered by the court in determining whether complete diversity exists. Plaintiff claims the relief it is seeking is against Phyllis Palmer individually for the actions she has taken as the administratrix of the Estate of Edwin Palmer. Accordingly, plaintiff maintains that the remedies it is seeking are to be obtained from the person of Phyllis Palmer, and not the Estate of Edwin Palmer.

Pursuant to Alabama law, plaintiff asserts, a suit may be brought against a non-resident administratrix or executrix in the county where the letters were granted, but it is not required. Ala. Code §43-2-197. Plaintiff claims that there is no requirement that such actions be brought in the county granting the letters. Additionally, plaintiff argues, defendant Phyllis Palmer cannot be both a citizen of Georgia and Alabama. Plaintiff concludes that, because Phyllis Palmer was served with process in Georgia and owns real estate in Georgia, she is a citizen of Georgia.

The Trust, plaintiff asserts, is a resident of Alabama. It was created through the will of Sandra Joyce Palmer, which was written and executed in Alabama. Plaintiff claims that the Trust is an Alabama entity controlled by Alabama law and under the jurisdiction of the Jefferson County Circuit Court. According to plaintiff, the basis for this suit is the recovery of trust property which was removed from the Trust due to the actions of Phyllis Palmer and her late husband. The substantial assets of the Trust at the time of its creation were two pieces of real property. One was located in Jefferson County, Alabama , and was sold in 2001. It is not the subject of this suit. The other piece of property is located in Talladega County, Alabama, and is the subject of this action.

According to plaintiff, the facts that the Trust was and is comprised solely of Alabama property, was created under Alabama law, and is under the jurisdiction of an Alabama court establishes that it is an Alabama entity for citizenship purposes regardless of the citizenship of any of its beneficiaries or trustees.

The Trust maintains that the plaintiff is the master of the complaint and may bring an action in state or federal court. *Estate of Ayres v. Beaver*, 48 F.Supp.2d 1335, 1339 (M.D. Fla. 1999). According to plaintiff there is complete diversity in this case as the Trust is an Alabama entity and defendant Phyllis Palmer is a Georgia citizen. Therefore, the continuance of the action in this court is proper.

### B. The "Probate Exception" Does Not Bar This Court From Considering This Case.

Plaintiff argues, that contrary to defendant Phyllis Palmer's position, this litigation is not a probate matter and therefore the "probate exception" to diversity jurisdiction is not applicable. Plaintiff argues that it is not seeking to inherit from the Estate of Edwin Palmer or to interpret or probate his will. According to plaintiff, it is seeking to recapture the property that Edwin Palmer and Phyllis Palmer have improperly and fraudulently taken. Furthermore, plaintiff argues that the property at issue will not be under the control of the Probate Court administering the Estate of Edwin Palmer if the Trust is successful in this action. According to plaintiff, only trust issues are involved in this case. The aims of this litigation, plaintiff asserts, are a determination of whether deeds executed by Edwin Palmer are valid, and the location and recapture of any monetary trust assets that may currently exist. Plaintiff argues that the probate exception is not applicable to a suit alleging the fraudulent conveyance of property during the decedent's lifetime. *Michigan Tech Fund v. Century Nat. Bank of Broward*, 680 F.2d 736, 741 (11th Cir.

1982) (citing *Bugbee v. Donahue*, 483 F.Supp. 1328, 1331 (E.D.Wis.1980), for proposition that probate exception is not applicable to suit by decedent's personal representative alleging fraudulent conveyance of property by decedent to defendant during decedent's lifetime).[20]

Given the above stated reasons, plaintiff argues that defendant Phyllis Palmer's motion to dismiss should not be granted. In the alternative, if the court finds that it lacks jurisdiction over this matter, plaintiff asks that the court dismiss this action without prejudice, as the merits have not been properly adjudicated.

### III.     Defendant Phyllis Palmer's Reply.

#### A.     The Plaintiff Has Incorrectly Stated The Facts In This Matter.

Defendant Phyllis Palmer contests the plaintiff's assertion that the Estate of Edwin Palmer is not a named defendant in this suit. Defendant Palmer points to paragraph 5 of plaintiff's Amended Complaint which states that "[a]n action may be maintained against the Estate of Edwin K. Palmer through its personal representative . . ." In addition, defendant Palmer asserts that the Titles of Counts I, II, III, and VIII of plaintiff's amended complaint

---

[20] In *Bugbee*, the court explained why the probate exception was not applicable as follows:

> The real estate involved in this case, although listed as an asset in the decedent's estate, is in fact an asset only if the plaintiff is successful in his claim against the defendants. Thus, this Court in allowing the action to continue will not be assuming control of property in a state court's custody, nor will it be assuming general jurisdiction of the probate of the decedent's estate.

483 F.Supp. at 1331.

13

explicitly contain language clearly implicating the Estate of Edwin Palmer.[21]

### B.  The Plaintiff Has Failed To Create Complete Diversity.

Defendant Palmer maintains that even with the dismissal of several parties by plaintiff, there is still a failure of complete diversity in this matter and the lawsuit is due to be dismissed.

According to defendant Palmer, it is not clear whether the Trust is an Alabama resident (where it was created) or a Georgia resident (where the trustee currently resides), but in either case there is no diversity. Because the two primary defendants are from Georgia (Phyllis Palmer) and Alabama (the Estate of Edwin Palmer), defendant Palmer asserts that regardless of where the trust resides there remains a defendant from that state. Therefore, the plaintiff has failed to create complete diversity.

Phyllis Palmer acknowledges that she is a resident of Georgia. However, plaintiff is suing her not only in her individual capacity but also as the personal representative of the Estate of Edwin Palmer. According to defendant Palmer, the jurisdiction statute under which plaintiff asserts jurisdiction in this matter, 28 U.S.C. §1332, clearly provides that the representative of Edwin Palmer's estate is a resident of Alabama:

> the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . .

28 U.S.C. §1332(c)(2). Therefore defendant Palmer asserts, the representative of the Estate of Edwin Palmer (Phyllis Palmer) is considered to be a resident of the state of the decedent (Alabama). As she is sued in two capacities, defendant Palmer argues it is not inappropriate that she has two residences. Defendant Palmer points out that the Eleventh Circuit in *Palmer v.*

---

[21] If this court chooses to exercise jurisdiction in this matter, defendant Palmer asks that all the claims and counts against the Estate of Edwin Palmer be dismissed.

14

*Hospital Authority of Randolph County* found that the plaintiff was a resident of Alabama in his "personal capacities" *and* a resident of Georgia in his "representative capacities." 22 F.3d 1559, 1562 n.1 (11th Cir. 1994).

Given the above discussed facts and law, defendant Palmer concludes that there are two defendants in this case with two residences – Georgia and Alabama. Therefore, regardless of whether the Trust is a resident of Alabama or Georgia, there is not complete diversity and the suit should be dismissed.[22]

### CONCLUSIONS OF THE COURT

After the court conducted a recorded phone conference with the parties, the parties submitted letter briefs.

Plaintiff acknowledges that the citizenship of an express trust, where the trustee has the power to sue, be sued, and hold property in her name, is the citizenship of the trustee. Plaintiff cites *Navarro Savings Association v. Lee*, 446 U.S. 458 (1980), for this proposition.

> *Bullard* [*v. Cisco*, 290 U.S. 179 (1933)] reaffirms that a trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others.

*Navarro*, 446 U.S. at 464. Plaintiff admits that the trustee in this case has such powers.

Given Navarro, plaintiff admits there is no diversity jurisdiction in this matter because the trustee in this matter, Renee Palmer, is a citizen of Georgia and so is defendant Phyllis Palmer. Even if diversity were determined on the basis of the beneficiary's citizenship, plaintiff states that there would still be no subject matter jurisdiction because Renee Palmer is also a beneficiary. Instead, plaintiff asks the court to withhold ruling on the Motion to Dismiss and to

---

[22] Defendant Palmer asks that the suit be dismissed with prejudice.

use its contempt powers to direct both parties to participate in non-binding mediation. In the alternative, Plaintiff asks that the court conduct a settlement conference as set forth in the July 29, 2004 Order of this court. Otherwise, plaintiff argues, the Trust will be forced to file a new action in Alabama state court at additional costs to both parties.

Defendant maintains that the Estate of Edwin Palmer was properly named as a defendant in the Complaint. Defendant points out that the style in both the Complaint and the Amended Complaint contain the words:

> Phyllis S. Palmer, individually, and as personal representative of the Estate of Edwin K. Palmer, Jr.

Defendant maintains that the name given in the Style of Complaint is the appropriate and proper method to sue Edwin Palmer's estate.

> "Estates" are not natural or artificial persons, and they lack legal capacity to sue or be sued, and it is well settled that all actions that survive a decedent must be brought by or against the personal representative. Neither the estate nor a beneficiary thereof is a proper party to a lawsuit; rather, the administrator or executor is the proper party plaintiff or defendant. However, a personal representative may not sue or be sued until such time as he has received letters of administration.

31 Am. Jur. 2d Executors and Administrators § 1118 (citations omitted).

Defendant also points out that the Titles of four of the Counts in the Complaint specifically or solely refer to the Estate of Edwin Palmer. Additionally a number of paragraphs within the complaint refer to the Estate or the actions by Edwin Palmer.

Defendant maintains that even if the court determines that the Estate was not properly named in the Style, the court would have the discretion to find that it is, nonetheless, a proper party because it is described in the Style of the Complaint and claims are made against it in the Body of the Complaint. While the Federal Rule of Civil Procedure 10(a) requires that a party be

16

named in the title of the action, defendant points out that the Eleventh Circuit has stated:

> one may be able to describe an individual (e.g., the driver of an automobile) without stating his name precisely or correctly.

*Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992).

Defendant maintains that later dismissals of other parties should not provide diversity where it did not exist when the action was originally filed.

The U.S. Supreme Court stated in *Grupo Dataflux v. Atlas Global Group, L.P.*, 124 S.Ct. 1920 (2004):

> It has long been the case that "the jurisdiction of the Court depends upon the state of things at the time of the action brought." *Mollan v. Torrance*, 9 Wheat. 537, 539, 6 L.Ed. 154 (1824). This time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure. It measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing--whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal. (Challenges to subject-matter jurisdiction can of course be raised at any time prior to final judgment. *See Capron v. Van Noorden*, 2 Cranch 126, 2 L.Ed. 229 (1804).) . . .
>
> the jurisdictional defect [has] been cured by the dismissal of the party that had destroyed diversity. That method of curing a jurisdictional defect had long been an exception to the time-of-filing rule. "[T]he question always is, or should be, when objection is taken to the jurisdiction of the court by reason of the citizenship of some of the parties, whether ... they are indispensable parties, for if their interests are severable and a decree without prejudice to their rights may be made, the jurisdiction of the court should be retained and the suit dismissed as to them." *Horn v. Lockhart*, 17 Wall. 570, 579, 21 L.Ed. 657 (1873). Federal Rule of Civil Procedure 21 provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." By now, "it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989). Indeed, the Court held in *Newman-Green* that courts of appeals also have the authority to cure a jurisdictional defect by dismissing a dispensable nondiverse party. *Id.*, at 837, 109 S.Ct. 2218.

*Grupo*, 124 S.Ct. at 1924-25 (footnotes omitted).

Regardless of any question about the dismissed parties, plaintiff has admitted that there is no subject matter jurisdiction. In the absence of such jurisdiction, the court is powerless to act as plaintiff requests. This action will be dismissed without prejudice for the lack of subject matter jurisdiction. This court urges the parties to do the <u>right</u> thing.

This 29th of September, 2004.

_____
ROBERT B. PROPST
**SENIOR UNITED STATES DISTRICT JUDGE**